UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY JOHNSON, | ) | CASE NO.: 1:21-CV-01860 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Gregory Johnson to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 2, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On June 13, 2022, Johnson objected to the R&R. On June 16, 2022, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Johnson objects to the Magistrate Judge's review of the ALJ's analysis of his treating psychiatrist, Dr. Campbell. Doc. 14. The R&R concludes:

> The ALJ considered and weighed the medical opinion evidence of record and provided an explanation for the weight assigned. The ALJ determined that Dr. Campbell's opinions were inconsistent with Johnson's reported functioning, Dr. Campbell's own treatment notes, and other objective evidence in the record, citing specific examples. (*Id.* at 1195-96.) It is the ALJ's duty, not this Court's, to weigh the evidence and resolve any conflicts, and she did so here.

Doc. 13, p. 40.

In sum, Johnson asserts that the ALJ erred in discounting Dr. Campbell's opinion because provided via a preprinted, check box form. As the R&R notes, the Sixth Circuit has characterized medical opinions with one-word answers or check marks as "weak evidence at best" that meets the "patently deficient standard." *Shepard v. Comm'r of Soc. Sec.*, 705 F.App'x 435, 441 (6th Cir. 2017). The Court finds no error in the R&R on this issue.

Johnson further asserts that the ALJ's explanation, listed in detail, that Dr. Campbell's opinion was inconsistent with other record evidence is insufficient. Johnson points to evidence that supports his contention the Dr. Campbell's opinion was consistent. As the R&R explains:

> The ALJ determined that Dr. Campbell's opinions were inconsistent with Johnson's reported functioning, Dr. Campbell's own treatment notes, and other objective evidence in the record, citing specific examples. (Id. at 1195-96.) It is the ALJ's duty, not this Court's, to weigh the evidence and resolve any conflicts, and she did so here.

Doc. 14, p. 5. The Court finds no error in the R&R on this issue.

For the reasons stated above, Johnson's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: July 7, 2022                                    /s/ John R. Adams
                                                       JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE